**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

MAYA SPIELMAN,

Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

Defendants.

Case No.: 1:26-cv-04966

Judge Jorge L. Alonso

Magistrate Judge Gabriel A. Fuentes

**PLAINTIFF'S RENEWED MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT**

Plaintiff, MAYA SPIELMAN ("Plaintiff"), by and through her counsel, respectfully renews her motion for entry of default and default judgment pursuant to Federal Rule of Civil Procedure 55, and in response to this Court's Minute Entry Order [24]. In support of this Renewed Motion, Plaintiff states as follows:

1. On June 8, 2026, this Court denied Plaintiff's motion for default judgment [21] without prejudice. [24]. The Court directed that, under *Kangol LLC v. Hangzhou Chuanyue Silk Import & Export Co.*, No. 25-2205, 2026 WL 1502198 (7th Cir. May 29, 2026), email service does not comply with the Hague Convention, and that service by email is therefore proper only if the Hague Convention does not apply because a defendant's physical address remains unknown after reasonably diligent efforts to ascertain it. [24]. The Court ordered Plaintiff to file either (a) a renewed motion for default judgment supported by a memorandum explaining why and based on what efforts email service is proper under *Kangol*, or (b) a status report on Plaintiff's service efforts. *Id.*

2. On August 13, 2026, Plaintiff filed a motion for extension of time [30], advising the Court that her investigation remained underway pending further information regarding the Defendants' addresses, and requesting twenty-one (21) additional days, to September 3, 2026, to file this Renewed Motion. That investigation is now complete. Its results are set out in the accompanying Memorandum in Support and in the Declaration of Yanling Jiang ("Jiang Decl.") and Exhibit A thereto.

3. Plaintiff established the merits of her claims, namely Defendants' liability for willful copyright infringement and Plaintiff's entitlement to statutory damages and injunctive relief, in her memorandum and supporting record filed June 4, 2026 [22], together with Exhibit 1, Exhibit 2, the Declaration of Keith A. Vogt, and the Declaration of Maya Spielman. Plaintiff incorporates [22] and its supporting exhibits and declarations by reference as to the merits of this Renewed Motion. The Court's order at [24] did not disturb the merits showing; it addressed only the propriety of service under *Kangol*.

4. Twenty-six Defendants remain on the First Amended Schedule A.

5. Plaintiff's investigation found deficiencies in each of the Defendants. The deficiencies fall into ten categories: entity-identity ambiguity, where the storefront name and the disclosed business name resolve to two distinct registered companies; a direct conflict between the address disclosed on the platform record and the address shown in the PRC national corporate registry; a registered address verified by site inspection to be occupied by an unrelated business; a registered address independently listed as unreachable in official PRC market-regulator spot-check or abnormal-operation records; a registered address that is virtual, a shared workstation, or otherwise lacks unit-level detail; a registry search returning no matching entity, leaving the disclosed address unverified; an address so imprecise that the Chinese postal and

judicial systems cannot execute service upon it; the complete absence of any disclosed address; a registered entity currently undergoing cancellation or deregistration; and a registered entity subject to prolonged registry non-compliance and inactive status. As to these Defendants the Convention does not apply under Article 1, email service under Federal Rule of Civil Procedure 4(f)(3) was proper, and Plaintiff seeks entry of default and default judgment.

WHEREFORE, Plaintiff respectfully requests that the Court:

1. Find that, as to the twenty-six Defendants identified in Appendix 1, the Hague Service Convention does not apply under Article 1 because their physical addresses (or, as to one Defendant, their identity) remain unknown after reasonably diligent efforts to ascertain and verify them, and that service by email under Federal Rule of Civil Procedure 4(f)(3) was therefore proper;

2. Enter default and default judgment against those twenty-six Defendants on the merits established in [22] and incorporated by reference, award statutory damages of one hundred thousand dollars ($100,000) as to each pursuant to 17 U.S.C. § 504(c)(2), and enter a permanent injunction; and

3. Grant such further relief as the Court deems just.

DATED: September 3, 2026

Respectfully submitted,

*/s/ Keith A. Vogt*
Keith A. Vogt
FL Bar No. 1036084 / IL Bar No. 6207971
Keith A. Vogt PLLC
1820 NE 163rd Street, Suite #306
North Miami Beach, Florida 33162
Telephone: 312-971-6752
Email: keith@vogtip.com

***ATTORNEY FOR PLAINTIFF***

**APPENDIX 1**
**DEFENDANTS ON THE FIRST AMENDED SCHEDULE A**

| No. | Storefront | Category |
|---|---|---|
| 1 | zhengguodianzishangewudian | Site-verified different occupant |
| 2 | taiyuanshixintaijiajiancaiyouxiangongsi | Entity identity ambiguity |
| 3 | liupanshuishidingshengshangmaoyouxiangongsi | Direct conflict |
| 4 | hongdongxianchiruixiangqimaoyouxiangongsi | Imprecise address |
| 5 | luonanyangtengfeizhuangshigongchengyouxiangongsi | No matching registry entity |
| 7 | tianzhenxianruiminliangyoujiagongyouxiangongsi | Imprecise address |
| 8 | zezhouxianguangshunnongmuyouxiangongsi | Imprecise address |
| 12 | shanxidongjungangjiegougongchengyouxiangongsi | Direct conflict |
| 13 | guizhoufubojiaoyuzixunyouxiangongsi | Regulator-confirmed unreachable |
| 14 | xianyoujianhuastore | No matching registry entity |
| 16 | jiandexinsijijianzhufuwuyouxiangongsi | No matching registry entity |
| 18 | ruiyangkejiArt | Site-verified different occupant |
| 19 | 合肥塔芦思商贸有限公司 | Direct conflict |
| 22 | NanChangDuiJinFuWeiWangLuoKeJiYouXianGongSi | Direct conflict |
| 23 | 东机电子店 | Regulator-confirmed unreachable |
| 25 | bofangyike | Virtual/shared workstation |
| 27 | HYS Decor local | Virtual/shared workstation |
| 28 | Jack Z | Virtual/shared workstation |
| 29 | Fat Panda Shop | No address disclosed |
| 30 | Wall Artist X | Imprecise address |
| 11 | jinchengshiyunpengchehangyouxiangongsi | No matching registry entity |
| 17 | Tsinghua Art Trade | No matching registry entity |
| 20 | zhshiun | Undergoing deregistration |
| 21 | xixinp | Imprecise address |
| 24 | huanglixiangYS | No matching registry entity |
| 26 | linxiuminghaibao | Registry non-compliance |

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2026, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, I will electronically publish the documents on a website, and I will send an e-mail to any e-mail addresses provided for Defendants by third parties that includes a link to said website.

/s/ *Keith A. Vogt*
Keith A. Vogt, Esq.