**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

MAYA SPIELMAN,

Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

Defendants.

Case No.: 1:26-cv-04966

Judge Jorge L. Alonso

Magistrate Judge Gabriel A. Fuentes

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S RENEWED MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT**

Pursuant to this Court's Minute Entry Order [24], Plaintiff, Maya Spielman ("Plaintiff") submits this Memorandum, addressing the service inquiry raised by the Court in [24]. Plaintiff incorporates by reference her memorandum filed June 4, 2026 [22], and does not re-brief the merits. Plaintiff's investigation is described in the accompanying Declaration of Yanling Jiang ("Jiang Decl.") and Exhibit A thereto, which sets out the factual basis defendant by defendant.

For each of the Defaulting Defendants, Plaintiff cannot in good faith know a verified address at which the Defendant can be served. Therefore, the Convention does not apply to these Defendants under Article 1 and email service under Rule 4(f)(3) was proper.

## I. LEGAL STANDARD

In *Kangol*, the Seventh Circuit held that email transmitted to a defendant in China is service abroad, that it is therefore subject to the Hague Service Convention, and that such service does not comply with the Convention. *Kangol LLC v. Hangzhou Chuanyue Silk Imp. & Exp. Co.*, 177 F.4th 793, 799, 801–02 (7th Cir. 2026). That holding is the premise of this Court's order at [24].

*Kangol* did not resolve the antecedent question, which is whether the Convention applies at all. The Convention by its terms "shall not apply where the address of the person to be served with the document is not known." Hague Service Convention art. 1, Nov. 15, 1965, 20 U.S.T. 361, 362. On the standard governing that inquiry, the Seventh Circuit observed that district courts "typically require" a plaintiff to make reasonably diligent efforts to ascertain and verify a defendant's address, quoting *NBA Properties, Inc. v. Partnerships & Unincorporated Associations Identified in Schedule "A"*, 549 F. Supp. 3d 790, 796 (N.D. Ill. 2021), and declined to decide the question, remanding instead. *Kangol*, 177 F.4th at 799. Plaintiff therefore addresses Article 1 under the *NBA Properties* standard this district applies, which is the standard this Court's order adopted.

That standard is conjunctive. A plaintiff must not only ascertain a listed address but verify it, and "[b]are assertions regarding the reliability of [a] [d]efendant's publicly available address are not a substitute for actual diligence." *NBA Props.*, 549 F. Supp. 3d at 796. Where a plaintiff investigates a platform-disclosed address and cannot confirm it as a real, usable location connected to the defendant, the address is "not known" within Article 1. *Cf. Zuru (Singapore) Pte., Ltd. v. Individuals Identified on Schedule A Hereto*, No. 22 Civ. 2483 (LGS), 2022 WL 14872617, at *2 (S.D.N.Y. Oct. 26, 2022) (deeming addresses not known where the plaintiff investigated online and confirmed the physical addresses were neither correct nor usable for service).

## II. WHAT A HAGUE REQUEST REQUIRES, AND WHY AN UNCERTAIN ADDRESS CANNOT SUPPLY IT

The Convention does not apply where "the address of the person to be served with the document is not known," and it requires a request conforming to the annexed model form, which identifies the addressee and the address at which service is to be attempted. Hague Service Convention arts. 1, 3. The PRC Central Authority forwards a compliant request to the appropriate local court, which attempts service under Chinese law at the address the request supplies. The

PRC Central Authority does not investigate the addresses, does not verify them, and does not choose among several; it executes service solely on the address the request supplies. Jiang Decl. ¶¶ 6, 7. Where that address is incorrect, imprecise, unoccupied, or unverifiable, the documents are returned unexecuted, commonly after many months. *Id.* ¶ 7. That process is not designed to investigate a defendant's identity, to select among conflicting addresses, or to determine which of several similarly named entities is the intended recipient, and an address does not become valid for service merely because it appears in an online listing, a registration record, or another unverified source. Just as a person's claim to reside at the White House would not make that location a viable address for serving him, an address associated with a Defendant on paper does not establish that the Defendant actually occupies or can be located there.

An uncertain address cannot be cured by simply guessing. A plaintiff facing two conflicting addresses, or an address that identifies no building, has nothing to put in the mandatory field except a guess, and a guess is not diligence. *NBA Props.*, 549 F. Supp. 3d at 796.

Two features of PRC registration practice matter here. First, the PRC State Administration for Market Regulation (国家市场监督管理总局, "SAMR") requires entities whose names are registered with it to comply with the four-components requirement: an administrative-region prefix (行政区划), a distinctive trade-name component (字号), an industry descriptor (行业表述), and an organizational-form suffix (组织形式). Only the registered Chinese-character legal name, or the registered Chinese-character name of the natural person to be served, has legal status for a Central Authority request; a romanized storefront alias is not the registrant's legal identity. Jiang Decl. ¶ 6; see Aaron Lukken, *Chinese company names, flawed addresses, and the high likelihood of Hague Service failure*, Hague Law Blog (Mar. 2024). Second, PRC county-level market

supervision bureaus apply a formal-review standard to registration addresses, checking that supporting documents exist on paper rather than that the address is physically occupied or precisely locatable. Jiang Decl. ¶ 12. That is why addresses such as "3,000 meters southwest of the village" are accepted for registration and yet are useless for service.

## III. PLAINTIFF'S INVESTIGATION AND THE RESULTS

Plaintiff therefore undertook reasonable, Defendant-specific investigation to verify both the identity of each intended recipient and the location at which service could practicably be effected. Where the available information was conflicting or inconclusive—or where physical inspection and official market-regulator records indicated that the Defendant could not be found at the purported address—Plaintiff could not responsibly submit that address as a known and reliable location for service, because doing so would likely result in an unsuccessful service attempt, the eventual return of the documents unexecuted, and substantial additional delay.

Plaintiff's investigation was conducted through two methods documented in Exhibit A: geolocation and corporate registry. A China-based research associate working under the supervision of Yanling Jiang captured, for each Defendant with a disclosed address, the result of querying that address on four independent engines: Google web search, Google Maps, Baidu Maps (百度地图), and Amap (高德地图). Jiang Decl. ¶¶ 8, 9. The Baidu and Amap queries were run in Chinese characters, which is the only form in which those engines return probative results for PRC addresses. Next, Plaintiff searched Tianyancha (天眼查), the PRC national enterprise registry mirror of SAMR data, using the Chinese-character form of the business name each Defendant discloses on its own platform record. Jiang Decl. ¶¶ 10, 11. Plaintiff notes that this key materially

outperformed a search on the romanized storefront alias, and that the results reported below and in Exhibit A reflect it. The results are divided as follows:

### A. Entity Identity Ambiguity (Defendant 2)

Defendant 2's own platform record discloses two distinct identifiers: a storefront name, taiyuanshixintaijiajiancaiyouxiangongsi, and a separately disclosed business name, xianningshinihongshangmaoyouxiangongsi. A registry search on the business name returned one result, registered several hundred kilometers away. A separate registry search on the storefront name returned a different entity, registered in Shanxi Province at an address matching the platform record exactly. Jiang Decl. ¶ 13. These are two distinct legal entities in two different provinces, and the platform record itself does not indicate which is the true Defendant. Ex. A, No. 2.

A Convention request must name the addressee and give the address at which service is to be attempted, and the Chinese Central Authority serves at the address supplied; it does not investigate which of two named companies is the intended recipient, and Plaintiff cannot in good faith determine which entity is the proper Defendant. Hague service is not viable for Defendant 2.

### B. Direct Conflict Between the Disclosed Address and the Registered Address (Defendants 3, 12, 19, and 22)

For four Defendants the registry places the matching or nearest-matching entity somewhere other than the disclosed address, leaving Plaintiff with two irreconcilable addresses and no principled basis to choose between them.

For Defendant 3, the registry search returned twenty results; the first two closest results were reviewed, and one is registered in a different administrative district than the disclosed address. Jiang Decl. ¶ 14(a). Independently, the disclosed address is a village-group designation with no street, building, or unit number; in rural China a 组 (group) may encompass dozens of households. Maps resolved only to the town centroid and its institutional referents. Ex. A, No. 3.

Defendant 12 discloses "Room 211, Bus Company staff residential building, No. 621 Xinshi East Street, Jincheng, Shanxi." The registry search returned thirteen results; two closest were reviewed and the nearest was registered in a different prefecture-level city more than three hundred kilometers away from the disclosed address, and the name is different from the disclosed name. Jiang Decl. ¶ 14(b). The geolocation prong surfaced a further conflict: the only registrant traceable to the pled building is a decoration engineering firm at Room 212, one room off the pled Room 211, bearing a near-homophone name (东俊 against the disclosed 东骏). Ex. A, No. 12.

For Defendant 19, the platform name and the registry name are exact matches, but its registered address and disclosed addresses are in two different districts. More importantly, the registry further records the entity's status as 吊销，未注销 (license revoked, not deregistered), which indicates the registrant may no longer operate at either location. Jiang Decl. ¶ 14(c). The disclosed address is in any event incomplete, supplying a community name and a building number but no road, unit, or room, and Google Maps returned "Google Maps can't find" re-centering on Guangdong Province. Ex. A, No. 19.

For Defendant 22, the registry search returned one close though not exact match to the disclosed name, but it is registered at a different city in a different province several hundred kilometers from the disclosed address. Jiang Decl. ¶ 14(d). The near-match on name does not resolve which location, if either, is the Defendant's. Ex. A, No. 22.

For each, the service address is genuinely indeterminate, and the Central Authority will neither investigate nor offer an alternative. The address is "not known" within Article 1.

### C. Registered Address Verified by Site Inspection to Be Occupied by an Unrelated Business (Defendants 1 and 18)

For two Defendants, the registry and disclosed address match, but direct site inspection shows the premises are occupied by a business unrelated to the Defendant.

Defendant 1 discloses "Room 214, No. 130 Hongtang Road, Tong'an District, Xiamen." A registry search on the disclosed business returned one result, a sole proprietorship registered at the disclosed address exactly. Jiang Decl. ¶ 15(a). On inspection, however, the address belongs to a hotel, 假日阳光 (JRYG Hotel, Tong'an Baolong Plaza branch), and Plaintiff obtained a photograph of the premises confirming that the location operates as a hotel and not as any electronics or e-commerce business. Ex. A, No. 1.

Defendant 18 discloses "No. 243 Xincheng 3rd Road, Luoyang Subdistrict, Boluo County, Huizhou." The registry search returned ten results, none matching the disclosed address. Amap and Baidu Maps instead identified the disclosed address as the registered premises of a different company, and Plaintiff obtained photographs of the premises confirming that the office space at that address is occupied by that company. Jiang Decl. ¶ 15(b); Ex. A, No. 18.

Because direct inspection found the addresses occupied by unrelated businesses, Plaintiff cannot in good faith rely on them to reach either Defendant.

### D. Registered Address Independently Listed as Unreachable in Official PRC Market-Regulator Records (Defendants 13 and 23)

For two Defendants, the registry returns match the disclosed address, but China's own market regulator has independently recorded that the address cannot be used to reach the registrant.

The disclosed address for Defendant 13 matches the registry search result. Jiang Decl. ¶ 16(a). The disclosed "Building 11" is nonetheless ambiguous as between the eleventh floor of a particular building and "Building 11" within the multi-building 宏财商业广场 (Hongcai Business

Plaza) complex, and no unit or room number is given in either reading. Counsel reviewed the PRC's dual-random spot-check inspection result of the entity on tianyancha.com, which records the result 通过登记的住所无法联系 (unable to make contact through the registered domicile) for inspections completed October 11, 2021, and November 30, 2025. Id. That is the PRC government's own regulator, independent of Plaintiff's investigation, confirming that the registered address could not be used to reach this Defendant when the government itself attempted to do so. Ex. A, No. 13.

Defendant 23 discloses "Room 402, No. 51 Fenxi Road, Wanjiang Subdistrict, Dongguan." The registry search returned a similarly named entity, 东莞市凌娜电子商务有限公司 (Dongguan Lingna E-Commerce Co., Ltd., written with different characters), which uses 凌娜 for 灵纳. Jiang Decl. ¶ 16(b). On April 22, 2026, the local government Dongguan Wanjiang Branch of the Market Supervision Administration placed that entity on the abnormal-operation registry because it could not be contacted at its registered address. *Id*. This official government finding independently confirms that the registered address cannot be used to reach the registrant. Ex. A, No. 23.

Because the address lacks the necessary building- and unit-level detail and because China's own market regulator has independently and repeatedly recorded that address as unreachable, Plaintiff cannot in good faith submit it as a known and reliably serviceable address.

### E. Registered Address Is Virtual, a Shared Workstation, or Otherwise Lacks the Detail Needed to Permit Service (Defendants 25, 27, and 28)

Defendant 25 discloses "Workstation 10015, Room 1701, 17F East Tower, Kechuang Mansion, No. 1 Hehe Road, Yunxi County, Shiyan, Hubei." The registry search returned 1,370 results; the two most relevant were reviewed: 郧西县拨锦商贸有限公司 (Yunxi Bojin Trading

Co., Ltd., first character variant), registered at the disclosed address including the “-10015工位” designation, and 郧西县玻锦商贸有限公司 (Yunxi Bojin Trading Co., Ltd., second character variant), registered one workstation over, at “-10796工位” in the same building. Jiang Decl. ¶ 17(a). Both names are close phonetic variants, and neither is an exact character match. Beyond that identity ambiguity, the disclosed address terminates in a workstation designation within a shared-office incubator (科创大厦, Kechuang Mansion), a cluster-registration address that PRC policy permits for business registration but that need not be physically occupied by the registrant; mail sent to such an address is typically handled by the building operator rather than the registrant. Given both the near-duplicate registrations and the virtual character of the address itself, Plaintiff has no basis to believe service to this address will reach the Defendant. Ex. A, No. 25.

Defendant 27, a Temu seller, discloses a free-trade-zone address prefixed “Attachment No. OL-01-202312059” in the China (Sichuan) Pilot Free Trade Zone. The registry search returned one match. Jiang Decl. ¶ 17(b). The attachment-number prefix denotes a hosted registration address administered by a registration agent, not a premises the registrant occupies; free-trade-zone addresses of this kind are frequently used by shell entities and mail-forwarding services. Because the registered address is a hosted, virtual free-trade-zone address with no indication any person occupies it, submitting it on a Convention request would most likely result in service upon no one connected to the Defendant. Ex. A, No. 27.

Defendant 28, a Temu seller, discloses “Building 5, Yuhu Zhengrongjun, No. 655 Lilan Middle Road, Gongchen Street, Licheng District, Putian, Fujian.” The registry search returned one match, a name resembling but not identical to the disclosed name, registered at the building. Jiang Decl. ¶ 17(c). The disclosed address identifies a specific building within a residential complex but

discloses no unit or room number; Building 5 is a mixed commercial-residential structure in which public records show numerous individually-registered proprietorships and small businesses operating, and Plaintiff obtained photographs of the building. Without a unit or room number distinguishing the Defendant from the many other businesses registered in the same building, and given the near-variant name match, Plaintiff cannot designate this address as the location at which the Defendant can be found and served. Ex. A, No. 28.

### F. No Matching Registry Entity; the Disclosed Address Is Unverified (Defendants 5, 11, 14, 16, 17, and 24)

For six Defendants, no registry entity matched the disclosed names and geolocations, or, for two of them, site verification failed to link the address to the Defendants.

Defendant 5 discloses a detailed apartment address in a tax-bureau residential compound in Luonan County, Shaanxi. The search returned one unrelated architectural decoration company, and no match for the disclosed name. Google Maps reported a partial match striking the road, the compound, the building, the unit, and the room, retaining only the community. Ex. A, No. 5.

Defendant 11 discloses "East of the Changhe Motor Vehicle Inspection and Testing Line, Jincheng, Shanxi." The registry search returned zero matches. Jiang Decl. ¶ 18. The disclosed address is independently imprecise, identifying only a location east of the inspection line, with no building number, unit number, or nameplate. Ex. A, No. 11.

Defendant 14 discloses "No. 55-1 Shanzai, Longxilin Village, Longhua Town, Xianyou County, Fujian." No registry match. The address contains a village name, a local place name, and a number that in a rural setting may denote a household rather than registered business premises. Amap returned No. 51 Shanzai but not the pled No. 55-1. Ex. A, No. 14.

Defendant 16 discloses 泉江镇东门村背 (back of Dongmen Village). No registry match. 村背 is a directional description with no road name, building number, or occupant identifier. Baidu resolved a pin labeled 村背 described as approximately eighty meters south of a primary school, confirming the term as a landmark rather than an address. Ex. A, No. 16.

Defendant 17 (Tsinghua Art Trade) discloses "No. 666 Zitan South Street, Licheng Subdistrict, Xianyou County, Fujian, 2nd Floor, Room 103." The registry search returned zero matches. Jiang Decl. ¶ 19(a). Site photographs Plaintiff obtained show no Room 103 and no nameplate identifying the disclosed unit at the pled building. Ex. A, No. 17.

Defendant 24 (huanglixiangYS) discloses "No. 165 Guoxi, Chihe Community, Bangtou Town, Xianyou County, Fujian." The registry search returned zero matches. Jiang Decl. ¶ 19(b). Site photographs Plaintiff obtained show no premises at "过溪165号 (No. 165 Guoxi)" corresponding to the disclosed address. Ex. A, No. 24.

For each of these six Defendants, Plaintiff ascertained the address the platform disclosed and then attempted to verify it against the national registry and, for Defendants 17 and 24, direct site photographs. Both efforts failed. That is the diligence *NBA Properties* requires, and its result is that the address is not known. 549 F. Supp. 3d at 796; *cf. Zuru*, 2022 WL 14872617, at *2.

### G. The Address Is Too Imprecise to Permit Execution of Service (Defendants 4, 7, 8, 21, and 30)

Five Defendants present the inverse problem. For each, the registry returned a name match and confirmed the disclosed address as the registered address. The address itself, however, states a bearing and a distance from a landmark but identifies no building, or, as to one Defendant, identifies an apartment complex too large and ambiguously numbered to locate a specific unit.

Defendant 4 is registered at 洪洞县辛村乡辛北村二级路路东 (east side of the secondary road, Xinbei Village, Xincun Township, Hongtong County), which states only that the premises lie on the east side of the secondary road in Xinbei Village. In a rural village that description could cover any property along hundreds of meters of roadside. Ex. A, No. 4.

Defendant 7 is registered at 山西省大同市天镇县玉泉镇唐八里村村委会东200米处 (200 meters east of the village committee, Tangbali Village, Yuquan Town, Tianzhen County, Datong City, Shanxi Province), which places the premises 200 meters east of the village committee. A 200-meter radius from a village landmark covers multiple courtyards and outbuildings, with no house number or nameplate to distinguish them. Ex. A, No. 7.

Defendant 8 is registered at 山西省晋城市泽州县南村镇原家村窑南自然村村西南3000米处 (3,000 meters southwest of Yaonan Natural Village, Yuanjia Village, Nancun Town, Zezhou County, Jincheng City, Shanxi Province), which places the premises 3,000 meters southwest of a natural village. A three-kilometer radius from a village center may encompass farmland, hillside, and unimproved land. There is no building, no road name, and no landmark by which a courier could locate the registrant. Ex. A, No. 8.

Defendant 30 is registered at 河南省平顶山市宝丰县杨庄镇春风路与前进路东50米路北 (north side of the road, 50 meters east of the Chunfeng Road and Qianjin Road intersection, Yangzhuang Town, Baofeng County, Pingdingshan City, Henan Province), an offset of 50 meters from a road intersection. Google Maps confirmed the intersection itself but there is no building to identify 50 meters from it. Ex. A, No. 30.

Defendant 21 (xixinp) presents a variant of the same problem. The registry search returned an exact match, 临沂仟乐汽车服务有限公司 (Linyi Qianle Automobile Services Co., Ltd.), registered at the disclosed address exactly, status 存续 (active). Jiang Decl. ¶ 20. The 阳光丽景 (Yangguang Lijing) residential complex at that address, however, comprises six buildings and 364 units; the disclosed "261-7号" does not indicate whether the intended building is Building 2 or Building 26, which does not exist within the complex, nor does it specify a unit number within either reading. Id. The registered address, though it matches the disclosed address character-for-character, is itself too imprecise to permit execution of service. Ex. A, No. 21.

Though each address was accepted by the relevant county market supervision bureau for registration, that acceptance reflects the formal-review standard described above, under which a landmark-relative descriptor suffices to register a business. It does not supply what Article 1 requires, which is an address at which the receiving State can execute service. A Convention request directs the destination's local intermediate people's court to deliver documents to a place, and "3,000 meters southwest of the natural village" does not identify a place at which delivery can be attempted. Mail directed to such an address is returned with a notation such as 地址不详 (address unclear) or 查无此人 (recipient not found). Jiang Decl. ¶ 12. Plaintiff respectfully submits that an address which cannot be delivered to is, for Article 1 purposes, not known.

**H. No Address Is Disclosed At All (Defendant 29)**

Defendant 29 (Fat Panda Shop) is the one Defendant whose platform record supplies no address. The Temu seller record states only "China," with no street, city, province, or postal code, and discloses no business name. Ex. A, No. 29. The Convention does not apply where the address

of the person to be served is not known, art. 1, and the Model Form prescribed by Article 3 requires the identity and address of the addressee. There is no address to ascertain, none to verify, and none to enter in the mandatory field. As to this Defendant, Hague service is not merely impracticable but impossible, and Article 1's condition is satisfied on the face of the record.

### I. Registered Entity Undergoing Cancellation or Deregistration (Defendant 20)

Defendant 20 (zhshiun) discloses "No. 11 Hall, Phase III Nanding Jiayuan, South Dahushi Road, Tianyi Town, Ningcheng County, Chifeng, Inner Mongolia." The registry search returned an exact match, registered at the disclosed address, status active. Jiang Decl. ¶ 21. Tianyancha records, however, that this entity is currently undergoing simplified deregistration (正在进行简易注销公告). *Id*. An entity in the process of deregistering will, upon completion, cease to exist as a legal person capable of receiving service, and a Convention request transmitted to it risks arriving after the entity's legal existence has ended; mail and service directed to it are likely to be returned as undeliverable. Ex. A, No. 20.

### J. Registry Non-Compliance and Prolonged Inactive Status (Defendant 26)

Defendant 26 (linxiuminghaibao) discloses "No. 199 Chidian, Chihe Community, Bangtou Town, Xianyou County, Fujian." The registry search returned an exact match, at the disclosed address. Jiang Decl. ¶ 22. Tianyancha records show, however, that this entity was placed on the abnormal-operation registry (经营异常名录) on July 2, 2026, by the 仙游县市场监督管理局 (Xianyou County Market Supervision Administration), for the reason that the individual proprietor did not timely file its required annual report. Id. Plaintiff discloses that this reason, unlike the market-regulator findings for Defendants 13 and 23 discussed above, does not itself state that the registered address is unreachable; it reflects a filing failure rather than a confirmed inability to

make contact. Id. Plaintiff identifies the prolonged abnormal status, under which PRC practice transfers an entity to a separate, more restrictive registry-management track after two years (列异满两年，另册管理), as a separate and comparatively weaker basis for concern about this Defendant's continued presence at the registered address, distinct from and not to be conflated with the address-unreachable findings for Defendants 13 and 23. Ex. A, No. 26.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. Find that, as to the remaining Defendants, the Hague Service Convention does not apply under Article 1 because their physical addresses, or its identity, remain unknown after reasonably diligent efforts to ascertain and verify them, and that service by email under Federal Rule of Civil Procedure 4(f)(3) was proper;
2. Enter default and default judgment against those twenty-six Defendants on the merits established in [22] and incorporated by reference, award statutory damages of one hundred thousand dollars ($100,000) as to each pursuant to 17 U.S.C. § 504(c)(2), and enter a permanent injunction; and
3. Grant such further relief as the Court deems just.

DATED: September 3, 2026

Respectfully submitted,

*/s/ Keith A. Vogt*
Keith A. Vogt
FL Bar No. 1036084 / IL Bar No. 6207971
Keith A. Vogt PLLC
1820 NE 163rd Street, Suite #306
North Miami Beach, Florida 33162
Telephone: 312-971-6752
Email: keith@vogtip.com

***ATTORNEY FOR PLAINTIFF***