**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

MAYA SPIELMAN,

Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

Defendants.

Case No.: 1:26-cv-04966

Judge Jorge L. Alonso

Magistrate Judge Gabriel A. Fuentes

**DECLARATION OF YANLING JIANG**

I, Yanling Jiang, declare as follows:

1. I am an attorney and the principal of JiangIP LLC. I submit this declaration in support of Plaintiff's Renewed Motion for Entry of Default and Default Judgment. The matters stated here are within my personal knowledge, or are based on records made and kept in the regular course of the investigation I directed and supervised, and if called as a witness I could and would competently testify to them.
2. My firm was engaged to determine, for each Defendant remaining on the operative First Amended Schedule A in this action, whether that Defendant's physical address in the People's Republic of China can be ascertained and verified.
3. This declaration addresses the twenty-six Defendants remaining, who are subject to default judgment. The defendant numbering used here and in Exhibit A corresponds to the numbering on the operative First Amended Schedule A. All twenty-six are sellers located in mainland China; twenty-two are Amazon sellers and four (Nos. 27, 28, 29, and 30) are Temu sellers.

4. I directed the investigation described below. Certain steps, specifically the capture of mapping and search-engine results and the queries of the PRC corporate registry, were performed by a China-based legal research associate working under my supervision. I reviewed the resulting captures and registry records myself before making the determinations stated in this declaration and in Exhibit A.

5. Attached as Exhibit A is the per-defendant factual basis supporting Plaintiff's conclusion that Hague Service Convention service is not viable for the Defendants identified in Appendix 1 to the Renewed Motion.

**What a Convention request requires**

6. The PRC State Administration for Market Regulation (国家市场监督管理总局, "SAMR") requires entities whose names are registered with it to comply with the four-components requirement: an administrative-region prefix (行政区划), a distinctive trade-name component (字号), an industry descriptor (行业表述), and an organizational-form suffix (组织形式). Under PRC practice, only the registered Chinese-character legal name of an entity, or the registered Chinese-character name of the natural person to be served, has legal status for purposes of a request transmitted to the PRC Central Authority. A romanized transliteration or an English-language storefront alias is not the registrant's legal identity.

7. A request transmitted under the Convention must contain a single, definite address for the person to be served. Based on my experience with Convention requests directed to the People's Republic of China, the Chinese Central Authority does not investigate addresses,

does not verify them, and does not choose among several addresses. It executes service solely on the address supplied in the request. Where the address supplied is incorrect, imprecise, unoccupied, or unverifiable, the documents are returned unexecuted, commonly after many months.

**First prong: geolocation**

8. For each Defendant whose platform record disclosed an address, the associate queried that address on four independent engines and captured the result: Google web search (google.com), Google Maps (google.com/maps), Baidu Maps (百度地图, map.baidu.com), and Amap (高德地图, amap.com). The Baidu Maps and Amap queries were run in Chinese characters, because those engines do not return probative results for PRC addresses when queried in romanized form.

9. I reviewed the resulting image captures for each Defendant. The per-defendant geolocation findings recorded in Exhibit A are my own characterizations of what those captures show. Where an engine returned a partial match, auto-corrected a component of the address, re-centered on a different city or province, or returned no result, Exhibit A says so. I disclose that for Defendants 6, 7, and 8 the Baidu captures carry a banner indicating the query was executed against a city other than the pled city; I have not relied on those three captures, and none of those Defendants depends on them.

**Second prong: corporate-registry verification**

10. Plaintiff's registry prong used Tianyancha (天眼查, tianyancha.com), a commercial mirror of SAMR registration data that reproduces the registrant's Chinese-character legal name,

Unified Social Credit Code, legal representative (法定代表人), operating status (经营状态), and registered address (注册地址).

11. The registry searches were run using the Chinese-character form of the business name that each Defendant supplies on its own platform record, which on Amazon appears in the Detailed Seller Information panel and on Temu appears on the business-license tab. That key materially outperformed a search on the romanized storefront alias. I disclose that the conversion of a romanized business name to Chinese characters is interpretive, because romanized PRC business names are not uniquely reversible to characters, and that where a search returned no match I have treated that as a failure to verify the disclosed address rather than as proof that no entity exists.

**PRC registration practice bearing on address precision**

12. PRC County-Level Market Supervision Bureaus apply a formal review to registration addresses, confirming that supporting documents exist on paper rather than that the address is physically occupied or precisely locatable. Rural China also lacks a uniform house-numbering system, so village committees and natural villages are used as reference points with distances and directions substituting for street addresses. That is why addresses such as "3,000 meters southwest of the village" or "east side of the road" are accepted for registration. In my experience such an address does not permit the Chinese postal or judicial systems to attempt delivery at a specific building, and documents directed to one are commonly returned with a notation such as 地址不详 (address unclear) or 查无此人 (recipient not found).

**Findings**

13. Defendant 2's platform record discloses two distinct identifiers: a storefront name, taiyuanshixintaijiajiancaiyouxiangongsi, and a separately disclosed business name, xianningshinihongshangmaoyouxiangongsi. A registry search on the disclosed business name returned one result, registered in Hubei Province, several hundred kilometers from the address disclosed on the platform record. A separate registry search on the storefront name returned a different entity, registered in Shanxi Province, at an address matching the platform record exactly. These are two distinct legal entities in two different provinces, and the platform record does not indicate which is the true Defendant.

14. For four Defendants the registry located an entity at an address materially different from the address disclosed on the platform record, or the only closely-matching entity is registered at a materially different address:

    a. Defendant 3. The search returned twenty results; the first two were reviewed. The nearest, 六盘水鼎盛商贸有限公司, is registered at 贵州省六盘水市钟山区龙井路6号108室1层108号, in 钟山区, while the disclosed address is in 水城区. I disclose that eighteen of the twenty results were not individually reviewed.

    b. Defendant 12. The search returned thirteen results; the first two were reviewed. The nearest, 山西东骏建筑工程有限公司, is registered at 山西省忻州市保德县东关镇交警队集资楼西侧, in a different prefecture-level city from the disclosed 晋城市 address, and its name omits the 钢结构 element of the disclosed name. I disclose that eleven of the thirteen results were not individually reviewed.

c. Defendant 19. The search returned an exact match to the disclosed Chinese name 合肥塔芦思商贸有限公司, whose registered address is 安徽省合肥市包河区马鞍山南路399号力高柏林春天9栋302室, in 包河区 rather than the disclosed 蜀山区, and whose status is 吊销, 未注销 (licence revoked, not deregistered).

d. Defendant 22. The search returned one result, 南昌兑金伏位网络科技有限公司, a name closely but not exactly matching the disclosed name (伏位 for 福维), registered at 江西省南昌市青山湖区高新产业园区胡家村农民公寓南5栋1单元601室, in Nanchang, Jiangxi Province, several hundred kilometers from the disclosed Putian, Fujian address.

15. For two Defendants the registry-matching or near-matching address is confirmed on paper, but site inspection shows the premises are occupied by an unrelated business:

a. Defendant 1. A registry search on the disclosed business name (converted to 厦门市润芋薇电子商务店) returned one result, a sole proprietorship registered at the disclosed address exactly. On inspection, however, the premises at that address is a hotel, 假日阳光 (Holiday Sunshine Hotel, Tong'an Baolong Plaza branch), and I obtained a photograph of the premises confirming that the location operates as a hotel and not as any electronics or e-commerce business.

b. Defendant 18. The registry search on the disclosed business name returned ten results, none matching the disclosed address. Amap and Baidu Maps identified the

disclosed address as the registered premises of a different company, 惠州市铭鹏工程项目管理有限公司, and I obtained photographs of the premises confirming that the office space at that address is occupied by that company.

16. For two Defendants the registered address matches the disclosed address on paper, but PRC market-regulator records independently and officially confirm the address is unreachable:

   a. Defendant 13. The registry returned an exact match at the disclosed address, status 存续 (active). On August 13, 2026, I reviewed the entity's PRC market-regulator 双随机抽查 (dual-random spot-check) inspection detail on tianyancha.com, which records the result 通过登记的住所无法联系 (unable to make contact through the registered domicile) for inspections completed October 11, 2021, and November 30, 2025. That is an independent finding by the PRC government's own regulator that the registered address, though it matches on paper, could not be used to reach this Defendant when the government itself attempted to do so.

   b. Defendant 23. The registry returned one result, 东莞市凌娜电子商务有限公司, a name closely resembling but not identical to the disclosed name (凌娜 for 灵纳). PRC market-regulator records show this entity was placed on the 经营异常名录 (abnormal-operation registry) for the reason 通过登记的住所或者经营场所无法联系的 (unable to make contact through the registered domicile or business

premises), listed April 22, 2026, by the 东莞市市场监督管理局万江分局 (Dongguan Wanjiang Branch of the Market Supervision Administration).

17. Three of the disclosed addresses take formats that PRC registration practice permits but that do not identify premises the registrant occupies, or that raise an independent identity concern:

    a. Defendant 25. The registry search returned 1,370 results; the two most similar were reviewed: 郧西县拨锦商贸有限公司, registered at the disclosed address including the "-10015工位" designation, and 郧西县玻锦商贸有限公司, registered one workstation over, at "-10796工位" in the same building. Both names are close phonetic variants of the disclosed name and neither is an exact character match. The disclosed address also terminates in a workstation designation within a shared-office incubator (科创大厦), a cluster-registration address that PRC policy has permitted since 2014 but that need not be physically occupied by the registrant.

    b. Defendant 27's disclosed address is prefixed "Attachment No. OL-01-202312059" and sits within the China (Sichuan) Pilot Free Trade Zone. An attachment-number prefix of this form denotes a hosted registration address administered by a registration agent.

    c. Defendant 28. The registry search returned one match, 莆田市荔城区拱辰街道林秋萍服装经营部, a name closely resembling but not identical to the disclosed name (秋萍 for 秋平), registered at the disclosed building. The disclosed address

identifies a specific building within a residential complex but discloses no unit or room number, and I obtained photographs of the building, which public records show houses numerous individually-registered proprietorships and small businesses.

18. For Defendant 11 (jinchengshiyunpengchehangyouxiangongsi), the registry search on the disclosed business name returned no matches. Further, the disclosed address is independently imprecise, identifying only a location east of the Changhe Motor Vehicle Inspection and Testing Line (长河机动车检测线), with no building number, unit number, or nameplate.

19. For two Defendants the registry search on the disclosed business name returned zero matches, and site photographs I obtained independently confirm the disclosed address does not correspond to any premises connected to the Defendant:

    a. Defendant 17. The registry search returned zero matches. Site photographs I obtained show no Room 103 and no nameplate identifying the disclosed unit at the pled building.

    b. Defendant 24. The registry search returned zero matches. Site photographs I obtained show no premises at "过溪165号" corresponding to the disclosed address.

20. Defendant 21 (xixinp). The registry search returned an exact match, 临沂仟乐汽车服务有限公司, registered at the disclosed address exactly, status 存续 (active). The 阳光丽景 residential complex at that address, however, comprises six buildings and 364 units; the disclosed "261-7号" does not indicate whether the intended building is Building 2 or

Building 26 (which does not exist within the complex), nor does it specify a unit number within either reading. The registered address, though it matches the disclosed address character-for-character, is itself too imprecise to permit execution of service.

21. Defendant 20 (zhshiun). The registry search returned an exact match, 宁城县泽木商贸行, registered at the disclosed address exactly. Tianyancha records, however, that this entity is currently undergoing simplified deregistration (正在进行简易注销公告). An entity in the process of deregistering will, upon completion, cease to exist as a legal person capable of receiving service, and a Convention request transmitted to it risks arriving after the entity's legal existence has ended.

22. Defendant 26 (linxiuminghaibao). The registry search returned an exact match, 仙游县榜头镇林秀明珠宝商店, at the disclosed address. Tianyancha records show, however, that this entity was placed on the abnormal-operation registry (经营异常名录) on July 2, 2026, by the 仙游县市场监督管理局, for the reason that the individual proprietor did not timely file its required annual report. I disclose that this reason, unlike the market-regulator findings for Defendants 13 and 23, does not itself state that the registered address is unreachable; it reflects a filing failure rather than a confirmed inability to make contact. I identify the prolonged abnormal status as a separate and comparatively weaker basis for concern about this Defendant's continued presence at the registered address, distinct from and not to be conflated with the address-unreachable findings for Defendants 13 and 23.

23. The complete per-defendant factual basis for the Defendants identified in Appendix 1 to the Renewed Motion, comprising the disclosed address, the registry result, and the geolocation, site-verification, or market-regulator result for each, appears at Exhibit A. Every registered entity name and registered address stated in Exhibit A is reproduced from the Tianyancha record for that Defendant. Where a search returned no result, Exhibit A states that; an empty registry result establishes only that no responsive record was indexed on the query date and I do not represent otherwise. The underlying image captures, registry pulls, and site photographs are retained by my firm and are available to the Court on request.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 3, 2026.

*/s/ Yanling Jiang*
Yanling Jiang
*Counsel for Plaintiff*