**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MAYA SPIELMAN,<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>Defendants. | Case No. 26-cv-04966<br><br>**Judge Jorge L. Alonso**<br><br>**Magistrate Judge Gabriel A. Fuentes** |

**FINAL DEFAULT JUDGMENT ORDER**

This action having been commenced by Plaintiff Maya Spielman ("Spielman" or "Plaintiff") against the defendants identified on First Amended Schedule A, and using the Online Marketplace Accounts identified on First Amended Schedule A (collectively, the "Defendant Internet Stores"), and Plaintiff having moved for entry of Default and Default Judgment against the defendants identified on First Amended Schedule A attached hereto which have not yet been dismissed from this case (collectively, "Defaulting Defendants");

Spielman having properly completed service of process on Defaulting Defendants, the combination of providing notice via electronic publication and e-mail, along with any notice that Defaulting Defendants received from payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections; and

None of the Defaulting Defendants having answered or appeared in any way, and the time for answering having expired, so that the allegations of the Complaint are uncontroverted and are deemed admitted;

This Court finds that the Hague Service Convention does not apply, under Article 1, to the twenty-six (26) Defendants identified by number on Schedule A (the "Defaulting Defendants"), because their physical addresses, or, as to Defendant No. 2, their identity, remain unknown after reasonably diligent efforts to ascertain and verify them. Service by email upon the Defaulting Defendants under Federal Rule of Civil Procedure 4(f)(3) was therefore proper.

This Court also finds that it has personal jurisdiction over Defaulting Defendants because Defaulting Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Spielman has provided a basis to conclude that Defaulting Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, and have sold products bearing infringing versions of Spielman's federally registered copyright, which is protected by U.S. Copyright Registration No. VA 2-405-412 (the "Maya Spielman Work") to residents of Illinois.

This Court further finds that Defaulting Defendants are liable for willful federal copyright infringement (17 U.S.C. § 504).

Accordingly, this Court orders that Spielman's Motion for Entry of Default and Default Judgment is GRANTED as follows, that Defaulting Defendants are deemed in default, and that this Default Judgment is entered against Defaulting Defendants.

This Court further orders that:

1. Defaulting Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

a. using the Maya Spielman Work or any reproductions, infringing copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Spielman product or not authorized by Spielman to be sold in connection with the Maya Spielman Work;

b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Spielman product or any other product produced by Spielman, that is not Spielman's or not produced under the authorization, control, or supervision of Spielman and approved by Spielman for sale under the Maya Spielman Work;

c. committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control, or supervision of Spielman, or are sponsored by, approved by, or otherwise connected with Spielman; and

d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Spielman, nor authorized by Spielman to be sold or offered for sale, and which bear any of Spielman's copyrights, including the Maya Spielman Work, or any reproductions, infringing copies or colorable imitations.

2. Defaulting Defendants and any third party with actual notice of this Order who is providing services for any of the Defaulting Defendants, or in connection with any of the Defaulting Defendants' Defendant Internet Stores, including, without limitation, any online marketplace platforms such as Amazon Payments, Inc. ("Amazon") and Temu, LLC ("Temu") (collectively, the "Third Party Providers"), shall within seven (7) calendar days of receipt of this Order cease:

a. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Stores, or any other online marketplace account that is being used to sell or is the means by which Defaulting Defendants could continue to sell infringing goods using the Maya Spielman Work; and

b. operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the Maya Spielman Work or any reproductions, infringing copies or colorable imitations thereof that is not a genuine Spielman product or not authorized by Spielman to be sold in connection with the Maya Spielman Work.

3. Upon Spielman's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 3, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of infringing goods using the Maya Spielman Work.

4. Pursuant to 17 U.S.C. § 507(c)(2), Spielman is awarded statutory damages from each of the Defaulting Defendants in the amount of one hundred thousand dollars ($100,000) for willful use of the infringing Maya Spielman Work on products sold through at least the Defendant Internet Stores. This award shall apply to each distinct Defaulting Defendant only once, even if they are listed under multiple different aliases in the Complaint and First Amended Schedule A.

5. Any Third Party Providers holding funds for Defaulting Defendants, including Amazon and Temu, shall, within seven (7) calendar days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants or the Defendant

Internet Stores from transferring or disposing of any funds (up to the statutory damages awarded in Paragraph 4 above) or other of Defaulting Defendants' assets.

6. All monies (up to the amount of the statutory damages awarded in Paragraph 4 above) currently restrained in Defaulting Defendants' financial accounts, including monies held by Third Party Providers such as Amazon and Temu, are hereby released to Spielman as partial payment of the above-identified damages, and Third Party Providers, including Amazon and Temu, are ordered to release to Spielman the amounts from Defaulting Defendants' financial accounts within fourteen (14) calendar days of receipt of this Order.

7. Until Spielman has recovered full payment of monies owed to Plaintiff by any Defaulting Defendant, Spielman shall have the ongoing authority to commence supplemental proceedings under Federal Rule of Civil Procedure 69.

8. In the event that Spielman identifies any additional online marketplace accounts or financial accounts owned by Defaulting Defendants, Spielman may send notice of any supplemental proceeding, including a citation to discover assets, to Defaulting Defendants by e-mail at any e-mail addresses provided for Defaulting Defendants by third parties.

This is a Default Final Judgment.

Dated: September 9, 2026



Jorge L. Alonso
United States District Judge

**First Amended Schedule A**

| No. | Defendants |
|---|---|
| 1 | zhengguodianzishangewudian |
| 2 | taiyuanshixintaijiajiancaiyouxiangongsi |
| 3 | liupanshuishidingshengshangmaoyouxiangongsi |
| 4 | hongdongxianchiruixiangqimaoyouxiangongsi |
| 5 | luonanyangtengfeizhuangshigongchengyouxiangongsi |
| 6 | [redacted] |
| 7 | tianzhenxianruiminliangyoujiagongyouxiangongsi |
| 8 | zezhouxianguangshunnongmuyouxiangongsi |
| 9 | [redacted] |
| 10 | [redacted] |
| 11 | jinchengshiyunpengchehangyouxiangongsi |
| 12 | shanxidongjungangjiegougongchengyouxiangongsi |
| 13 | guizhoufubojiaoyuzixunyouxiangongsi |
| 14 | xianyoujianhuastore |
| 15 | [redacted] |
| 16 | jiandexinsijijianzhufuwuyouxiangongsi |
| 17 | Tsinghua Art Trade |
| 18 | ruiyangkejiArt |
| 19 | 合肥塔芦思商贸有限公司 |
| 20 | zhshiun |
| 21 | xixinp |
| 22 | NanChangDuiJinFuWeiWangLuoKeJiYouXianGongSi |
| 23 | 东机电子店 |
| 24 | huanglixiangYS |
| 25 | bofangyike |
| 26 | linxiuminghaibao |
| 27 | HYS Decor local |
| 28 | Jack Z |
| 29 | Fat Panda Shop |
| 30 | Wall Artist X |